**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| KEILA FERNANDEZ,<br><br>    Petitioner,<br><br>v.<br><br>CHRISTOPHER BULLOCK, Acting Director<br>of the New Orleans Field Office of ICE, in his<br>official capacity,<br><br>    Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 2:26-cv-02697-SHL-tmp |

**ORDER STAYING TRANSFER AND REQUIRING RESPONSE**

On June 16, 2026, Petitioner Keila Fernandez filed the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241.  (ECF No. 1.)  Fernandez challenges "her illegal mandatory detention at the West Tennessee Detention Facility."  (Id. at PageID 1.)  She is a citizen of Venezuela who entered the United States in September 2023.  (Id. at PageID 3.)  She has no criminal history of any kind.  (Id. at PageID 4.)  On February 17, 2026, she was taken into ICE custody during a routine ICE office check-in.  (Id.)  She seeks immediate and unconditional release from Respondent's custody.  (Id. at PageID 13.)  She emailed the Petition to Respondent's counsel at the U.S. Attorney's Office for the Western District of Tennessee on June 16.  (Id. at PageID 14.)  Assistant U.S. Attorney Stuart J. Canale filed his notice of appearance the next day.  (ECF No. 2.)

On May 11, the Sixth Circuit issued the opinion in Lopez-Campos v. Raycraft, 175 F.4th 713 (6th Cir. 2026), affirming that a noncitizen who has spent "significant time . . . within the interior of the United States," and who has not committed an offense rendering them ineligible under § 1226(c), may not be detained without an individualized bond hearing.  175 F.4th at 734.

Upon review of the Petition, it is **ORDERED** as follows:

(1)     Within **two business days** of this Order, Respondent shall respond to the Petition in writing.  If the basis of Fernandez's detention is 8 U.S.C. § 1225(b)(2)(A) and Respondent continues to oppose release, Respondent shall either distinguish this case from Lopez-Campos v. Raycraft, 175 F.4th 713 (6th Cir. 2026), or state why Lopez-Campos otherwise does not apply. If no such showing is made, Respondent shall state whether he consents to the issuance of the writ.

(2)     Fernandez may file a reply after Respondent's responsive filing.

(3)     Respondent shall not transfer Fernandez out of the West Tennessee Detention Facility during the pendency of the Petition.

**IT IS SO ORDERED,** this 17th day of June, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE

2